IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 08-72 |
| | ) | |
| DONALD ORGOVAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT

1. On September 2, 2005, law enforcement agents executed a search warrant at the residence of Defendant and his paramour. The warrant set forth facts establishing probable cause to believe that Defendant was selling cocaine from this residence.

2. The officers found approximately one kilogram of cocaine, packaged for sale in 17 plastic bags, in a duffel bag on the floor at the foot of the bed in the bedroom of the Defendant and his paramour. In the duffel bag, the officers also found boxes of baggies, a bag sealer, a utility knife, a scale, a 200 gram weight, and a notebook containing names, dates and monetary amounts.

3. In the bedroom, the officers found two firearms, which were both registered to and owned by Defendant. One was a .45 caliber semiautomatic Taurus pistol, and the other was a .45 caliber semiautomatic Ruger pistol. Both guns had live rounds in their chambers and fully-loaded magazines. One gun was found sitting on top of the back right post of the canopy bed. The other was found

1

in the headboard of the bed in a compartment or on a shelf. Neither gun was secured by a trigger or receiver lock, and neither gun was found inside a locked case.

    4. Officers found approximately $32,000.00 in cash in a shoebox on the sofa in the living room.

    5. Defendant began dealing cocaine in January 2005. In February 2005, Defendant purchased his first handgun.

    6. Large-caliber, semiautomatic handguns are considered to be "tools of the trade" of drug dealers because drug transactions typically take place face-to-face and these weapons can be easily concealed. Drug dealers possess handguns in order to protect themselves, their drugs and their cash.

    7. On September 3, 2008, Defendant pled guilty to the drug trafficking crime set forth in Count 1 of the Indictment.

## CONCLUSIONS OF LAW

    1. Count 2 of the Indictment charges Defendant with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of 18 U.S.C. §924(c)(1)(A).[1]

---

[1] 18 U.S.C. §924(c)(1)(A) provides in part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (continued...)

2. Because of Defendant's admission of guilt as to the predicate offense, the Government must now prove the second element of the offense beyond a reasonable doubt, that is, that Defendant knowingly possessed a firearm in furtherance of this drug trafficking crime.

3. Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of a drug trafficking crime.

4. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. The evidence must be specific to the particular defendant and show that his possession actually furthered the drug trafficking offense. United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).

5. Some factors that may be considered to determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

> the type of criminal activity that is being conducted; accessibility of the firearm; the type of firearm; whether the firearm is stolen; whether the defendant possesses the firearm legally or illegally; whether the firearm is loaded; the time and circumstances under which

---

[1](...continued)

> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

3

> the firearm is found; and proximity to drugs or drug profits.

Id.

      6. The firearm need not be immediately accessible to the defendant during the crime. Id. In Sparrow, the Third Circuit noted that the firearm "was strategically located." The firearm was in a compartment under the floor with the defendant's cache of drugs and money, so the defendant was able to access the firearm whenever he reached into the compartment for drugs or money. The court concluded that it was "reasonable to assume the firearm was placed in the floor compartment for that purpose and was possessed in furtherance of [the defendant]'s drug activities." Id. at 854.

      7. The government has proven beyond a reasonable doubt that Defendant knowingly possessed a firearm in furtherance of a drug trafficking crime in that: (a) Defendant purchased his first firearm within approximately one month of the commencement of his drug dealing; (b) the type of firearms that Defendant purchased is preferred by drug dealers; (c) Defendant's possession of large amounts of cocaine and cash indicates that his dealing was substantial and significant; (d) the drugs and firearms were found in the same room and in close proximity, and both firearms were loaded and unsecured; and (e) Defendant kept the firearms near the drugs so that these weapons would be accessible in case he needed to protect himself, his drugs and his cash.

8. For all of the foregoing reasons, the Court finds Defendant guilty as charged in Count 2 of the Indictment of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

An appropriate order follows.

                                                 s/Alan N. Bloch
                                                 United States District Judge

Date:     November 13, 2008

ecf:      Counsel of record